[Civ. No. 52698. Second Dist., Div. Five. Dec. 14, 1978.]

PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
Plaintiff and Appellant, v.
REDEVELOPMENT AGENCY OF THE CITY OF GLENDALE et al.,
Defendants and Respondents.

## COUNSEL

Donald K. King, Gerald H. Genard, Tony R. Skogen and Eugene Topel for Plaintiff and Appellant.

Frank Manzano, City Attorney, Jacobs, Kane, Luke, Ballmer & Berkman Eugene B. Jacobs and Robert P. Berkman for Defendants and Respondents.

## OPINION

ASHBY, J.—Appellant Pacific Telephone and Telegraph Company appeals from a judgment of dismissal upon the sustaining of respondents' demurrer to a petition for writ of mandate. (Code Civ. Proc., §§ 581, subd. 3; 581d.) Appellant seeks to compel respondent Redevelopment Agency of the City of Glendale to pay relocation assistance benefits (Gov. Code, § 7260 et seq.) for appellant's costs in relocating its telephone cables from a public street which was vacated to make way for a redevelopment project. We hold the trial court correctly determined that as a matter of law appellant is not entitled to such benefits and must bear its own expenses of relocating the facilities.

On August 1, 1972, the City Council of the City of Glendale adopted a redevelopment plan for a shopping center known as the Central Glendale Redevelopment Project. The enabling ordinance pledges the City of Glendale to cooperate with the Glendale Redevelopment Agency in carrying out the purposes of the plan by, inter alia, "closing, vacating, widening, and/or changing the grades of streets, alleys and other public rights-of-way in the project area . . . ." The redevelopment plan provides for the payment of relocation expenses required by law.

For a number of years appellant has, pursuant to Public Utilities Code section 7901,[1] owned, maintained and operated underground telephone cables and related facilities within the rights of way of Ivy Street between Central and Columbus Avenues in the City of Glendale. On June 19,

---

[1]Public Utilities Code section 7901 provides: "Telegraph or telephone corporations may construct lines of telegraph or telephone lines along and upon any public road or highway, along or across any of the waters or lands within this State, and may erect poles, posts, piers, or abutments for supporting the insulators, wires, and other necessary fixtures of their lines, in such manner and at such points as not to incommode the public use of the road or highway or interrupt the navigation of the waters."

1973, the redevelopment agency notified appellant that appellant would be required to relocate or protect its telephone facilities to make way for the redevelopment project, since the project required Ivy Street between Central and Columbus Avenues to be vacated. The telephone facilities were thereafter relocated, at a cost of $513,427.84, subject to the parties' agreement to litigate respondent's liability for reimbursement of such relocation costs.

Appellant's claim to the redevelopment agency for reimbursement of its relocation costs was denied, and respondent Relocation Appeals Board of the City of Glendale refused to grant appellant a hearing on its claim.

Appellant thereafter instituted the present petition for writ of mandate to compel payment of its relocation expenses, which appellant contends is mandated by Government Code section 7262.[2] The trial court sustained respondents' demurrer to the petition.

### DISCUSSION

█ It is the common law rule, well established in California, that "[i]n the absence of a provision to the contrary it has generally been held that a public utility accepts franchise rights in public streets subject to an implied obligation to relocate its facilities therein at its own expense when necessary to make way for a proper governmental use of streets." (*Southern Cal. Gas Co.* v. *City of L.A.,* 50 Cal.2d 713, 716 [329 P.2d 289]; *L.A. County Flood Control Dist.* v. *Southern Cal. Edison Co.,* 51 Cal.2d 331, 334 [333 P.2d 1]; *City of San Pablo* v. *East Bay Mun. Utility Dist.,* 75 Cal.App.3d 609, 613 [142 Cal.Rptr. 256]; *Pacific Tel. & Tel. Co.* v. *Redevelopment Agency,* 75 Cal.App.3d 957, 962 [142 Cal.Rptr. 584].) █ The vacating of a public street to make way for a redevelopment project to relieve urban blight under the community redevelopment law (Health & Saf. Code, § 33000 et seq.) is a proper governmental use of the streets. (*City of San Pablo* v. *East Bay Mun. Utility Dist., supra* at p. 615; *Pacific Tel. & Tel. Co.* v. *Redevelopment Agency, supra* at p. 969.)

█ The Legislature may provide that the utility be compensated for relocating its facilities (*Southern Cal. Gas Co.* v. *City of L.A., supra,* 50

---

[2]Appellant also sought in its petition to compel the relocation appeals board to hold a hearing on its claim; however, appellant recognizes that the facts are not disputed and that a further hearing would be futile upon resolution of the issue of law adversely to appellant.

Cal.2d at p. 719), but "such right should not be deemed to have been given unless the Legislature specifically so provides." (*Pacific Tel. & Tel. Co.* v. *Redevelopment Agency, supra,* 75 Cal.App.3d at p. 964.)

We find no merit to appellant's argument that the Legislature has specifically so provided in the relocation assistance law.[3] That law provides that as a part of the cost of acquisition of real property for a public use a public entity shall compensate a displaced person for his "[a]ctual and reasonable expense in moving himself, family, business, or farm operation, including moving personal property." (Gov. Code, § 7262, subd. (a)(1).) " 'Person' " is defined to include a corporation, and " 'Business' " is defined to include any lawful activity conducted primarily for the sale of services to the public. (Gov. Code, § 7260, subds. (b), (d).) " 'Displaced person' " means "any person who moves from real property, or who moves his personal property from real property, as a result of the acquisition of such real property, in whole or in part, by a public entity or by any person having an agreement with or acting on behalf of a public entity, or as the result of a written order from a public entity to vacate the real property, for public use." (Gov. Code, § 7260, subd. (c).)

Appellant contends that these definitions are all-inclusive, and that appellant fits within them, as being a person who was compelled to move its personal property, to wit, telephone cables, as a result of the vacating of the street for a public use. Appellant contends that since no provision of the relocation assistance law specifically excludes reimbursement of utility relocation costs, the broad general definitions indicate a legislative intent that the common law rule not apply.

We disagree. An intent to exempt utilities from the common law rule cannot be inferred merely from the broad general definitions used in the relocation assistance law. There are numerous statutes in which the Legislature has specifically and expressly provided for reimbursement of utility relocation expenses.[4] As stated in *Pacific Tel. & Tel. Co.,* v. *Redevelopment Agency, supra,* 75 Cal.App.3d at page 965, footnote 4, "When the Legislature intends that a utility be reimbursed for its relocation costs, it has said so in specific and direct language [citing

---

[3]For a general background of the relocation assistance law, see *City of Mountain View* v. *Superior Court,* 54 Cal.App.3d 72, at pages 73 footnote 1, 77-79 [126 Cal.Rptr. 358].

[4]Many such statutes are collected in A Study Relating to Sovereign Immunity, 5 California Law Revision Commission Report (1963) pages 79-91.

examples]." There the court rejected a similar argument by Pacific Telephone and Telegraph Company that the general definitions used in the community redevelopment law impliedly showed a legislative intent to avoid the common law rule. (*Id.*, 75 Cal.App.3d at pp. 962-968.) So here, it is reasonable to assume that had the Legislature intended the common law rule not to apply, it would have adopted language similar to that found in the many other acts wherein it specifically provided for reimbursement. (*L.A. County Flood Control Dist.* v. *Southern Cal. Edison Co., supra,* 51 Cal.2d at p. 337.)

■ Whether the costs of such relocation should be shifted from the utility's rate payers to other taxpayers is a matter of policy for the Legislature to determine. (*Pacific Tel. & Tel. Co.* v. *Redevelopment Agency, supra,* 75 Cal.App.3d at p. 968; A Study Relating to Sovereign Immunity, *supra,* 5 Cal. Law Revision Com. Rep., p. 80; Van Alstyne, *Taking or Damaging by Police Power: The Search For Inverse Condemnation Criteria* (1971) 44 So.Cal.L.Rev. 1, 53-56; Note (1959) 6 UCLA L.Rev. 336, 338.) The Legislature has not so shifted the burden in the relocation assistance law.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.